TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RICHARD E. ROBINSON (Cal. Bar No. 090840)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0713
     Facsimile: (213) 894-6269
     E-mail:    Richard.Robinson@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
WILLIAM E. JOHNSTON (D.C. Bar No. 1030662)
Assistant Chief, Fraud Section
Criminal Division
United States Department of Justice
   1400 New York Avenue, NW
   Washington, DC 20005
   Phone: (202)514-0687
   Email: William.johnston4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 21-00081-VAP |
| Plaintiff, | GOVERNMENT'S COMBINED (1) RESPONSE TO THE PRESENTENCE INVESTIGATION REPORT AND (2) SENTENCING POSITION |
| v. | |
| HASSAN KANYIKE, | Sentencing Date: Sept. 27, 2021<br>Time: 9:00 a.m. |
| Defendant. | |

Plaintiff United States of America, through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Richard E.

Robinson, and the Fraud Section of the Criminal Division of the U.S. Department of Justice, hereby files its Combined (1) Response to the Presentence Investigation Report and (2) Sentencing Position with respect to defendant HASSAN KANYIKE ("defendant").

The government's response to the Presentence Investigation Report and its Sentencing Position are based on the attached memorandum, the Plea Agreement between defendant and the government, the other files and record in this case, and such further evidence and argument as the Court may permit.

Dated: September 7, 2021         Respectfully submitted,

                              TRACY L. WILKISON
                              Acting United States Attorney

                              SCOTT M. GARRINGER
                              Assistant United States Attorney
                              Chief, Criminal Division

                              /s/ *Richard E. Robinson*
                              RICHARD E. ROBINSON
                              Assistant United States Attorney
                              Major Frauds Section

                              WILLIAM E. JOHNSTON
                              Assistant Chief, Fraud Section
                              United States Department of Justice

**SENTENCING MEMORANDUM**

**I.      INTRODUCTION**

Defendant Hassan Kanyike faces sentencing by the Court following his guilty plea to one count of wire fraud, in violation of 18 U.S.C. § 1343, as charged in the information.  ECF 42, 51. Defendant pleaded guilty pursuant to his plea agreement with the government dated February 22, 2021 (the "Plea Agreement").  ECF 44. Defendant's offense conduct arises from his scheme to defraud the Small Business Administration ("SBA"), banks, and other lenders participating in the CARES Act Paycheck Protection Program ("PPP") and the SBA's Economic Injury Disaster Loan ("EIDL") program ("lenders").

To carry out his scheme, defendant submitted eight false and fraudulent applications seeking more than $1.775 million in EIDL and PPP loans for his businesses, Falcon Motors and HK Development.[1]  The loan proceeds were supposed to be used to retain workers, maintain payroll, make lease and utility expenses, and pay other permitted expenses for Falcon Motors and HK Development because defendant's businesses were purportedly experiencing substantial financial disruption due to the COVID-19 pandemic.  Defendant's bogus loan applications misrepresented and inflated the total revenue, costs of goods sold, number of employees and payroll for his businesses, which defendant supported by submitting fake payroll tax records, payroll registers, and bank records.  Defendant secured three EINs from the IRS to facilitate obtaining multiple PPP loans for the same

---

[1] Defendant submitted his bogus loan applications to the SBA and six participating PPP lenders, two of which lenders declined the applications.

Falcon Motors business. Defendant fraudulently obtained more than $1.3 million in EIDL and PPP loan proceeds from the SBA and four other victim lenders. Instead of using loan proceeds for their stated and authorized purposes, defendant used proceeds for his own personal benefit, including wire transferring $762,000 offshore, to a bank account in his home country of Uganda for the benefit of an entity in the name of defendant's father.

For the reasons discussed below, the government recommends that the Court sentence defendant to a term of 33 months' imprisonment, followed by a three-year term of supervised release, and order defendant to pay: $1,302,550 in restitution to the SBA and four other victim lenders identified in the PSR, a substantial fine, and a special assessment of $100.

**II. RESPONSE TO PRESENTENCE INVESTIGATION REPORT**

With respect to the Presentence Report for defendant issued August 23, 2021 (the "PSR"), the government has no objections or corrections to the PSR's description of defendant's offense conduct, offender characteristics, determination that defendant is in criminal history category I, and finding that defendant's conduct resulted in actual losses to the victim lenders in the total sum of $1,302,550.

The PSR concluded that defendant's total offense level is 24 and his advisory guideline imprisonment range is 51 to 63 months. PSR ¶¶ 61, 113. The government, consistent with its obligations under the Plea Agreement and as calculated in Section III below, maintains that defendant's total offense level is 20 and his imprisonment range is 33 to 41 months. This four-level difference arises from the PSR's applying two special offense characteristics

not supported by the government. PSR ¶ 114. Specifically, the PSR applies +2 levels for use of sophisticated means, pursuant to USSG §2B1.1(b)(10)(C); and +2 levels for deriving more than $1 million in gross receipts from one or more financial institutions, pursuant to USSG §2B1.1(b)(17)(A). PSR ¶¶ 51, 52. These two specific offense characteristics were not included in the Plea Agreement and the government does not support or suggest imposing them here. PSR ¶ 114; Plea Agreement ¶ 16.

Accordingly, the government objects to the PSR to the extent it provides that defendant's total offense level is greater than 20 and his advisory guideline imprisonment range is greater than 33 to 41 months.

### III. ADVISORY SENTENCING GUIDELINES

The government submits that the following Sentencing Guidelines calculations, as stipulated to by the parties in the Plea Agreement, are applicable to the facts of this case:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [USSG §2B1.1(a)(1)] |
| Specific Offense Characteristics: | | |
| Loss greater than $1,500,000 Not more than $3,500,000 | +16 | [USSG §2B1.1(b)(1)(I)] |
| Acceptance of Responsibility: | -3 | [USSG §3E1.1(a),(b)] |
| Total Offense Level: | <u>20</u> | |

Defendant fraudulently applied for EIDL and PPP loans in the total amount of $1,775,675, which sum represents defendant's intended fraud loss. PSR ¶¶ 49, 50; Plea Agreement Exhibit B ¶¶ 27, 28. Because defendant's intended fraud loss is greater than $1,500,000 and not greater than $3,500,000, the base offense level

5

of 7 is increased +16 levels to 23.  USSG §§2B1.1(a),(b)(1)(I). Defendant's acceptance of responsibility reduces level 23 by -3 levels to total offense level 20.  USSG §3E1.1(a),(b).

The government concurs with the PSR's determination that defendant is in criminal history category I, given defendant's lack of prior convictions and criminal history points.  PSR ¶¶ 66, 67.

Given defendant's total offense level of 20, and criminal history category I, defendant's advisory guideline imprisonment range is 33 to 41 months.  The government's guidelines calculations for defendant are fully consistent with the parties' Sentencing Guidelines stipulations.  Plea Agreement ¶ 16.

**IV.  RESTITUTION**

Defendant pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343.  Defendant is required by the Mandatory Victim Restitution Act of 1996 to pay full restitution to the victims of his offense conduct.  18 U.S.C. § 3663A; PSR ¶¶ 39, 124.  In addition, under the terms of the Plea Agreement, the Court may order defendant to pay restitution for victims of any relevant conduct in connection with the offense to which defendant pleaded guilty.  Plea Agreement ¶ 8.

The PSR correctly determined the amounts of actual loss sustained by the SBA and the other four victim lenders identified in the PSR, which totals $1,302,550.  PSR ¶¶ 40, 124.  Restitution owed to these victims in these amounts is undisputed and is supported by the stipulated facts concerning defendant's offense conduct set forth in Exhibit B Statement of Facts in Support of the Plea Agreement at ¶¶ 7-14, 18-25, 27.

## V. FINE AMOUNT

Defendant may be fined up to $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater, pursuant to 18 U.S.C. § 3571(b)(3),(d). The applicable advisory fine guideline range for defendant's total offense level 20 is $15,000 to $150,000. USSG §5E1.2(c)(3). The Court should impose a fine in every case, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine. USSG §5E1.2(a); PSR ¶ 98.

Defendant has not been forthcoming regarding his financial condition and ability to pay. Although defendant provided a Personal Financial Statement ("PFS") to the Probation Officer, as required by General Order 03-01, defendant failed to: (1) provide any supporting documentation for his PFS; (2) disclose any bank accounts and other information to make clear where defendant keeps his substantial monthly cash flow; and (3) disclose all his outstanding liabilities on his PFS. PSR ¶¶ 96, 100, 102.

As to the $1,302,500 defendant derived from his fraud scheme, he claimed to the Probation Officer that it is "all gone." PSR ¶ 104. As to the $762,000 defendant transferred to Uganda to an account controlled by his father, he claimed it was all lost "on a bad investment," but defendant provided no documentation or other means to support that contention. PSR ¶ 105. Likewise, defendant has not disclosed to the Probation Officer the whereabouts of the remaining $540,550 in fraud proceeds that defendant did not transfer to offshore. PSR ¶ 106.

Nonetheless, defendant's PFS reported hundreds of thousands of dollars of other assets and a net worth that is sufficient to pay a

Case 2:21-cr-00081-VAP Document 60 Filed 09/07/21 Page 8 of 10 Page ID #:368

substantial fine. PSR ¶ 97, 109. The government therefore recommends that the Court impose a substantial fine in this case.

## VI. SENTENCING RECOMMENDATION

The government recommends that defendant be sentenced to a term of imprisonment of 33 months and that upon his release be placed on supervised release for a term of three years. The government recommends that defendant's supervised release be ordered to include all the Probation Officer's recommended terms and conditions, particularly conditions 6, 7, and 8 relating to defendant's employment to prevent recidivism. The government further recommends that defendant be ordered to pay: restitution totaling $1,302,500 to the SBA and four other victim lenders, as detailed in the PSR, a substantial fine, and a $100 special assessment to the United States. The government submits that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

### A. Nature, Circumstances, and Seriousness of the Offense

Defendant's offense conduct exploited and defrauded the CARES Act PPP and SBA EIDL programs intended to provide government-backed forgivable loans to help sustain and preserve small businesses suffering from the COVID-29 pandemic. Defendant's fraud scheme sought more than $1.775 million in EIDL and PPP loan proceeds from multiple lenders, from which defendant derived more than $1.3 million that he says is "all gone." EIDL and PPP loan funds were not used by defendant for their stated and authorized business purposes, but rather consumed for defendant's own personal benefit and/or sent offshore to his father in Uganda. Defendant's fraud scheme was extensive: he submitted eight false and fraudulent loan

8

applications to the SBA and six PPP participating lenders, using fake supporting documents and multiple EINs that defendant secured from the IRS for that purpose.

### B. History and Characteristics of Defendant

Defendant, age 29, came to the United States from Uganda on a student visa in 2012 and was granted in asylum in 2013. Defendant has a degree in accounting, obtained in the United States, and has provided bookkeeping services for others. He has primarily worked in car sales and for a linen service. Although defendant may have had a difficult life growing up in Uganda, he had been working and living in the United States for approximately eight years when he committed in the instant offense. Other than defendant's willingness to enter into the Plea Agreement, and his lack of a prior criminal record, nothing in defendant's history or personal circumstances significantly mitigates his guilt or warrants a prison sentence below the low-end of his guideline imprisonment range, i.e., 33 months.

### C. Goals of Sentencing

Defendant deserves a very substantial sentence to reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct, which encompasses both specific and general deterrence. United States v. Goff, 501 F.3d 250, 261 (3d Cir. 2007). Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence. United States v. Livesay, 587 F.3d 1274, 129 (11th Cir. 2009).

Defendant's offense conduct was very serious, particularly because such loan fraud schemes impair the effectiveness and resources of the EIDL and PPP programs to assist small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. Defendant committed his offense out of pure greed and opportunism in exploiting and defrauding government-backed emergency loan programs during the COVID-19 pandemic. Defendant's guideline imprisonment range of 33 to 41 months reflects the serious of his offense conduct, so that a sentence within that range affords appropriate deterrence to such criminal conduct. The recommended sentence serves the purposes of the Section 3553(a) factors, but is not greater than necessary to do so.

**VII. CONCLUSION**

For the foregoing reasons, the Court should (1) determine the applicable advisory guideline imprisonment range to be 33 to 41 months, based on a total offense level of 20 and criminal history category I; (2) sentence defendant to a term of imprisonment of 33 months; (3) impose a three year term of supervised release that includes all the terms and conditions of supervised release recommended by the Probation Officer; (4) order defendant to pay restitution totaling $1,302,500 to the SBA and four other victim lenders, as detailed in the PSR; (5) order defendant to pay a substantial fine; and (6) order defendant to pay a $100 special assessment to the United States.